UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC SMITH, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   No.1:09-cv-0031-DFH-JMS |
| | ) |
| SUPERINTENDENT JEFF WRIGLEY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Eric Smith ("Smith") for a writ of habeas corpus and on his request to proceed *in forma pauperis.*

**I.**

Smith's request to proceed *in forma pauperis* is **granted.**

**II.**

**A.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition. This conclusion is based on the following facts and circumstances:

1. Smith was convicted of multiple counts of arson and one count of conspiracy to commit arson in connection with the arson of an Indianapolis apartment building. These convictions were merged into a single arson offense for purpose of sentencing, and Smith is now serving the 20-year sentence imposed by the trial court. His conviction was affirmed in *Smith v. State,* No. 49A04-0201-CR-31, 779 N.E.2d 978 (Ind.Ct.App. Nov.19, 2002), trans. denied (*Smith I*). The trial court's denial of Smith's petition for post-conviction relief was denied on appeal in *Smith v. State,* No. 49A05-0409-PC-495 (Ind.Ct.App. Apr.13, 2006), reh'g denied (*Smith II*).

2.      Smith sought habeas corpus relief in this court with respect to his arson conviction. The prior habeas action in this court was docketed as No. 1:06-cv-1352-JDT-TAB. The habeas petition was denied on the merits in a *Judgment* entered on the clerk's docket on November 29, 2006. As a result of Smith's appeal in No. 07-2742, however, that *Judgment* was vacated and the habeas action was dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. 28 U.S.C. § 2244(b); *Burton v. Stewart,* 127 S. Ct. 793, 796 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court."). It was unauthorized because he had not obtained the requisite permission from the Court of Appeals to proceed with it following an earlier habeas action in the Northern District of Indiana in which he had likewise challenged the arson conviction and which had likewise been decided on the merits. In March 2008, Smith filed a motion for modification of his sentence in the trial court. The motion was denied. His appeal from that ruling was rejected because the Court of Appeals concluded that the motion for modification was actually an unauthorized second or successive action for petition for post-conviction relief. More recently, Smith then filed a habeas action in this court challenging the denial of his efforts to obtain clemency. That habeas action was docketed as No.1:08-cv-1499-LJM-TAB and was dismissed on November 7, 2008, based on the court's finding that Smith had no due process right to clemency under Indiana law and that, accordingly, he failed to allege either action or inaction showing his continued custody to be in violation of the Constitution or laws or treaties of the United States.

3.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Smith's habeas petition arguably presents three claims for relief, none of which will support the relief he seeks.

    a.    The present action could be understood as asserting a claim that the sentence imposed for Smith's offense was excessive under Eighth Amendment standards. Any such claim in the present petition must be dismissed for lack of jurisdiction for the same reasons that No. 1:06-cv-1352-JDT-TAB was dismissed for lack of jurisdiction.

    b.    The present habeas action could be understood as asserting a claim that the Indiana courts misapplied the procedures applicable to an action seeking modification of a sentence. Such a claim would not support the relief Smith seeks here, however, because "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.), *cert. denied,* 519 U.S. 907 (1996). To state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class. *Washington v. Davis,* 426 U.S. 229, 247-48 (1976). "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995); see also *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007-08 (7th Cir. 2000)(explaining that plaintiff

    failed to present a valid equal protection claim since he had presented no evidence of improper police animus against him, but merely alleged uneven enforcement of local laws). Intentional discrimination against Smith based on his membership in an unspecified protected class is not alleged here in relation to the denial and ultimate dismissal of his motion for modification of sentence in the Indiana State courts.

  c. Smith's habeas petition could also be understood as asserting that the Indiana courts misapplied, violated, or ignored revisions of Indiana law in denying and ultimately dismissing his motion for sentence modification. This claim also would not support the relief he seeks here, because a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Federal habeas courts lack subject-matter jurisdiction over such issues." *Lambert v. Davis,* 449 F.3d 774, 778-779 (7th Cir. 2006)(citing 28 U.S.C. § 2254(a) and *Estelle,* 502 U.S. at 62).

  4. Because Smith's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*.

**B.**

  "'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). That is the case here, and judgment consistent with this Entry shall now issue.

  So ordered.

                  _David F. Hamilton_
                   _____
                   DAVID F. HAMILTON, Chief Judge
                   United States District Court

Date:  1/16/2009